So Ordered.

Signed this 19 day of December, 2025.



_____
Patrick G. Radel
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | |
| OCULAR DEVELOPMENT, LLC ) | Chapter 11 |
| ) | Case No. 25-10716 |
| Debtor(s). ) | |
| ) | |

**ORDER CONFIRMING DEBTOR'S NONCONSENSUAL**
**SUBCHAPTER V PLAN OF REORGANIZATION**

This matter came before the Court on November 25, 2025, at 10:30 a.m. to consider confirmation of the Debtor's Small Business Subchapter V Chapter 11 Plan Dated September 22, 2025 (the "Plan") (Doc. [36]) filed on September 22, 2025, by Debtor, Ocular Development, LLC (hereinafter, the "Reorganized Debtor"). In connection with confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the amended ballot certification (Doc. [44]). Having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to the Plan have been filed, after notice and a hearing, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (Doc. [40]) (the "Confirmation Hearing Order") were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. Present at the hearing were Michael L. Boyle, Boyle Legal, LLC, Attorney for the Reorganized Debtor; Harrison Strauss, Esq., Trial Attorney for the United States Trustee; Francis Brennan, Subchapter V Trustee; and Andrew Goldberg, Esq., of counsel, Margolin, Weinreb, & Nierer, LLP, counsel for Toorak Capital Partners, LLC and HOF Grantor Trust 1. No parties timely objected to confirmation of the Plan.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

  F.  **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the Plan.

  G.  **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

  H.  **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

  I.  **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 6 of the Plan provides adequate means for the Plan's implementation.

  J.  **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

  K.  **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 5.02 of the Plan, pursuant to Section 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Reorganized Debtor not previously rejected under such section. Reorganized Debtor has no unexpired leases or executory contracts.

  L.  **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

M. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

N. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Reorganized Debtor not later than 90 days after the order for relief under Chapter 11.

O. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the Reorganized Debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Reorganized Debtor to make payments under the proposed Plan of reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Reorganized Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

P. **Satisfaction of Conditions – 11 U.S.C. § 1191(b)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(b) and, as a result, is a nonconsensual Subchapter V plan under § 1191(b). With respect to the relevant provisions of § 1129(b), the Court finds and concludes as follows:

  1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

  2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

  3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Reorganized Debtor, for services or for costs and expenses in or in connection with the

case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Reorganized Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the Reorganized Debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Reorganized Debtor were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the Plan.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that priority claims pursuant to 11 U.S.C. § 507 will receive the full value of their claim over the life of the Plan.

8. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor or any successor to the Reorganized Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

11. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The Plan is confirmed under 11 U.S.C. § 1191(b).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Reorganized Debtor, all Creditors, and equity security holders (hereinafter, collectively "Parties in Interest"), whether or not the claim or interest of said Parties in Interest, is impaired under the Plan and whether or not such Parties in Interest, has accepted the Plan.

3. **Revesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of

the estate vests in the Reorganized Debtor.  Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Reorganized Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court.  Except as set forth in the Plan concerning objections to claims, the Reorganized Debtor may also settle or compromise any claims without Court approval.

5. **Sale of Post Petition Property**. Debtor's plan contemplates the post-petition sale of Real Property more commonly known as 7 Delaware Street, Albany, NY 12202 (the "Real Property"). Absent further Order of the Court modifying the Plan, Debtor shall consummate a sale of the Real Property no later than August 31, 2026.

6. **Injunction and Discharge**.  Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) all holders of any discharged claims against the Reorganized Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).  The Plan was confirmed as non-consensual and, as such, Reorganized Debtor shall be entitled to discharge after completing its full performance, as contemplated, under the Plan. The Reorganized Debtor is directed to file a separate Motion seeking an Order granting discharge upon successful completion of the Plan.

7.  **Disbursing Agent**.  Reorganized Debtor is named as Disbursing Agent and must make all payments to holders of allowed claims as required by the Plan.

8.  **United States Trustee Guidelines**.  The Reorganized Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9.  **Effect of Confirmation Order on Plan**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.  To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

11. **Documents Required to Effectuate Plan**.  The Reorganized Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12. **Discharge of the Subchapter V Trustee**.  The Subchapter V Trustee in the case shall continue to serve as Subchapter V Trustee pursuant to 11 U.S.C. §1183 until the earlier of the dismissal or conversion of the case or the discharge of the Debtor.

13. **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

    a.  Resolve issues with respect to the Reorganized Debtor's substantial consummation of the Plan and to the extent the Reorganized Debtor seeks to amend or modify the Plan;

      b.      Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

      c.      Adjudicate objections to claims;

      d.      Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

      e.      Adjudicate modifications of the Plan under 11 U.S.C. § 1193;

      f.      Review and consider issues associated with the Reorganized Debtor's final report and entry of final decree, and to enter a final decree; and

      g.      Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

14.    Attorney for the Reorganized Debtor must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 9013-1(c).

# # #